Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Ariz. Bar No. 036888
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Angela Determan Heikkia and Natalie Lopez, Each Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Avnet, Inc.,<br><br>　　　　　　　　　　Defendant. | NO. 2:21-cv-<br><br>**ORIGINAL COMPLAINT—<br>COLLECTIVE ACTION** |

COME NOW Plaintiffs Angela Determan Heikkia and Natalie Lopez ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Courtney Lowery of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Avnet, Inc. ("Defendant"), they state and allege as follows:

## I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA.

3. This is, in part, an "off-the-clock" case; Plaintiffs intend that the scope of their claims for off the clock work be limited to those that are supported by VPN log-in and activity records, provided that Defendant does not destroy, delete or alter the VPN records.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect within the Phoenix Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

6. Plaintiff Angela Determan Heikkia ("Determan") is a resident of Pinal County.

7. Plaintiff Natalie Lopez ("Lopez") is a resident of Pinal County.

8. Defendant is a foreign, for-profit corporation, registered to do business in Arizona.

9. Defendant's registered agent for service of process is C T Corporation System, at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

10. Defendant, in the course of its business, maintain a website at https://www.avnet.com/wps/portal/us/.

### IV. FACTUAL ALLEGATIONS

11. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant is a distributor of electronic components.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant employed Determan as an hourly-paid Customer Service Support ("CSS") (also known as a Customer Service Representative) from February of 2014 until August of 2020.

17. Defendant employed Lopez as an hourly-paid CSS from April of 2012 until February of 2019, and as an hourly-paid Inside Sales Representative ("ISR") from February of 2019 until July of 2020.

18. Defendant also employed other hourly-paid CSSs and ISRs within the three years preceding the filing of this lawsuit.

19. At all relevant times herein, Defendant directly hired CSSs and ISRs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Plaintiffs and other hourly employees recorded their hours worked via Defendant's time keeping system.

21. Plaintiffs regularly worked hours over 40 per week.

22. Upon information and belief, other CSSs and ISRs also regularly or occasionally worked hours over 40 in a week.

### A. Off the Clock Claim

23. Plaintiffs regularly worked hours which went unrecorded and uncompensated.

24. Upon information and belief, other CSSs and ISRs also worked hours which went unrecorded and uncompensated.

25. Defendant discouraged Plaintiffs and other CSSs and ISRs from recording more than 40 hours of work per week.

26. Defendant specifically told Determan and others that they were not allowed to record more than 40 hours per week.

27. Defendant assigned so much work to Plaintiffs and other CSSs and ISRs that they were generally unable to complete their tasks in under 40 hours each week.

28. Determan had multiple conversations with her supervisor, Chris Panopio, about her off-the-clock work, and Mr. Panopio acknowledged that she worked off the clock but did not take steps to ensure she was paid for that time.

29. Plaintiffs, other CSSs and other ISRs logged into Defendant's VPN in order to complete work, including work off the clock, and upon information and belief the VPN records show the work which went unrecorded and uncompensated.

30. Defendant knew or should have known that Plaintiffs, other CSSs and other ISRs were working hours which went unrecorded and uncompensated.

31. At all relevant times herein, Defendant has deprived Plaintiffs and other CSSs and ISRs of sufficient overtime compensation for all of the hours worked over forty per week.

32. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters

33. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**B.     Regular Rate Claim—Commissions**

34. In addition to her hourly rate, Lopez received commissions based on the sales she made to Defendant's customers.

35. Other ISRs also earned commissions based on sales.

36. During weeks in which Lopez and other ISRs worked over forty hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the commissions that Defendant provided to Lopez and other ISRs.

37. Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

38. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as commissions, in the regular rate when calculating Lopez's and other ISRs' overtime pay.

39. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

40. At all relevant times herein, Defendant has deprived Lopez and similarly situated ISRs of proper overtime compensation for all of the hours worked over forty per week.

41. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

  A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

  B. Liquidated damages; and

  C. Attorney's fees and costs.

44. Plaintiffs propose the following collectives under the FLSA:

**All hourly-paid CSSs and ISRs, or employees with the same or similar job duties to CSSs and ISRs regardless of job title, who recorded at least 40 hours of work in any week within the last three years.**

**All hourly-paid ISRs, or employees with the same or similar job duties to ISRs regardless of job title, who received commission related to work performed in any week in which they worked over 40 hours.**

45. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

46. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

47. The members of the proposed FLSA off the clock collective ("OTC Collective") are similarly situated in that they share these traits:

  A. They were paid hourly;

  B. They recorded their time in the same manner;

  C. They were subject to Defendant's policies purporting to restrict overtime; and

D.     They regularly worked hours for which they were not compensated.

48.     Plaintiffs are unable to state the exact number of the OTC Collective but believe that it exceeds 50 persons.

49.     The members of the proposed regular rate collective ("Regular Rate Collective") are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They received commissions;

C.     They worked over 40 hours in at least some weeks in which they performed work related to a commission; and

D.     They were subject to Defendant's policy of failing to include their commissions in their regular hourly rate when calculating their overtime premium.

50.     Plaintiffs are unable to state the exact number of the Regular Rate Collective but believe that it exceeds 50 persons.

51.     Defendant can readily identify the members of the collectives, who are a certain portion of the current and former employees of Defendant.

52.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

53.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

54. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

55. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

58. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

59. Defendant failed to pay Plaintiffs for all hours worked, including 1.5x their regular rate for all hours worked in excess of forty hours per week.

60. Defendant failed to pay Plaintiffs a proper overtime rate for all hours worked over 40 each week.

61. Defendant knew or should have known that its actions violated the FLSA.

62. Defendant's conduct and practices, as described above, were willful.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

64. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA—Off the Clock Claim)

66. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

71. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 per week.

72. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

73. Defendant knew or should have known that its actions violated the FLSA.

74. Defendant's conduct and practices, as described above, were willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

76. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  THIRD CLAIM FOR RELIEF
**(Collective Action Claims for Violation of the FLSA—Regular Rate Claim)**

78. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

79. Lopez brings this collective action on behalf of herself and all similarly situated employees to recover monetary damages owed by Defendant to Lopez and members of the putative collective for overtime compensation for all the hours they worked in excess of forty each week.

80. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

81. Defendant classified Lopez and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

82. Defendant violated 29 U.S.C. § 207 by not paying Lopez and all others similarly situated employees a proper overtime rate for all hours worked in excess of forty per week.

83. Defendant violated 29 C.F.R. § 778.117 by not including all forms of compensation, such as commissions, paid to Lopez and others similarly situated in their regular rate when calculating their overtime pay.

84. Upon information and belief, Lopez and all or almost all employees who received commissions worked more than forty hours in at least one week in which they performed work connected to a commission.

85. Defendant failed to pay Lopez and similarly situated employees at the proper overtime rate.

86. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

87. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Lopez and all those similarly situated for, and Lopez and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

88. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Lopez and all those similarly situated as provided for by the FLSA, Lopez and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Angela Determan Heikkia and Natalie Lopez, each individually and on behalf of all others similarly situated,

respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

  A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

  B. Certification of collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

  C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid wages under the FLSA and its related regulations;

  D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

  E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

        DATED this 8th day of September, 2021.

            Courtney Lowery
            Ariz. Bar No. 036888
            courtney@sanfordlawfirm.com