John F. Lomax (#020224)
Samantha E. Cote (#036254)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jlomax@swlaw.com
       scote@swlaw.com

*Attorneys for Defendant Avnet, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Determan Heikkia and Natalie Lopez, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Avnet, Inc.,<br><br>Defendant. | No. 2:21-cv-01531-MHB<br><br>**JOINT MOTION TO APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE LAWSUIT WITH PREJUDICE** |

Plaintiffs Determan Heikkila and Natalie Lopez and Defendant Avnet, Inc. (collectively, the "Parties"), by and through undersigned counsel, seek Court approval of the settlement recently reached in this matter and corresponding dismissal of this case with prejudice pursuant to the Settlement Agreement. The Parties represent that the Settlement Agreement is fair and equitable. Should the Court approve the Settlement Agreement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with the Parties to bear their respective attorneys' fees and court costs.

## PRELIMINARY STATEMENT

On September 8, 2021, Plaintiffs filed a lawsuit against Defendant in the United

States District Court for the District of Arizona (No. CV2015-012649). Plaintiffs alleged Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq. (*the "FLSA") by failing to pay them overtime and other wages for time worked over forty (40) hours in a workweek and for time worked "off the clock." On October 12, 2021, Defendant filed its answer. The parties engaged in some discovery, including written discovery requests, and the parties fully briefed a motion for conditional certification of a collective. After completing that work, the parties exchanged some information and evaluated the prospects of success on the pending motion for conditional certification. Among the factors the parties considered that even if the Court opted to grant conditional certification, the potential class size was very small, and that in light of historic opt-in rates in FLSA cases, the prospect of a collective action that was materially larger than the existing Plaintiffs was very low. As a result, the Parties engaged in good-faith settlement negotiations regarding the two Plaintiffs that have joined the case and concluded this matter could be resolved without awaiting a ruling from the Court on the pending motion. As such, the parties have reached a Settlement Agreement resolving all claims in this matter. This settlement was reached before the Court ruled on Plaintiffs' motion for conditional certification.

In the Settlement Agreement, Plaintiffs agree to release all of their claims against Defendant including a dismissal with prejudice of any claims they have or may have under the FLSA from September 8, 2018 through the effective date of the Settlement Agreement. In exchange, Defendant agrees to pay Plaintiffs certain consideration, negotiated in good-faith settlement negotiations.

The seminal case on the settlement of FLSA cases is *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). *Lynn's Food Stores*, like the FLSA, confirms that claims arising under the FLSA may be settled or compromised *only* with the approval of the district court of the Secretary of Labor. While the Ninth Circuit has cited *Lynn's Food Stores* with approval, it has not specifically addressed the question of whether FLSA claims may only be settled and resolved in the two ways outlined by *Lynn's Food Stores*. As shown below, however, numerous district courts throughout the

Ninth Circuit, including this Court, have followed *Lynn's Food Stores*. Therefore, parties respectfully request that the Court approve their Settlement Agreement, attached as Exhibit A.

## ARGUMENT AND CITATION OF LEGAL AUTHORITY

To ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor, as provided by 29 U.S.C. § 216(c), or must be approved by the district court. *See Villarreal v. Caremark LLC*, No. CV-14-00652-PHX-DJH, 2016 WL 5938705 (D. Ariz. May 10, 2016) (approving FLSA settlement agreement pursuant to *Lynn's Food Stores*); Order, *Cashman v. Arizona Pub. Serv. Co.*, No. CV-11-00153-PHX-GMS (D. Ariz. Sept. 1, 2011), ECF No. 27 (same); *Hand v. Dionex Corp.*, No. CV-06-1318-PHX-JAT, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007) (same). *See also Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007) (quoting *Lynn's Food Stores* with approval); *Seminiano v. Xyris Enter., Inc.*, 602 Fed. App'x 682 (9th Cir. 2015) (same). If a settlement reflects a "reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement of the litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Such settlements must be fair. *Id.* at 1353

In this action, Plaintiffs alleged that Defendant violated the FLSA by failing to pay Plaintiffs' unreported overtime compensation and by failing to pay Lopez and similarly situated Inside Sales Representatives proper overtime compensation during the relevant time period. Defendant denies these allegations and contends Plaintiffs were properly paid all wages owed to them. To avoid the costs of further litigation and uncertainty of further motion briefing and trial, however, the Parties have now agreed to settle this dispute according to the terms set forth in the Settlement Agreement, which are a good faith compromise of the contested issues.

The Settlement Agreement represents a fair and equitable resolution of this matter given the facts and available evidence in this case. This action will benefit Plaintiffs,

particularly in light of the uncertainty regarding Plaintiffs' claims and Defendant's defenses. The resolution of those issues would dramatically affect any award in this case and the Parties have decided that it is in their best interests to resolve this matter pursuant to the terms of the Settlement Agreement.

Plaintiffs' counsel estimated Plaintiffs' likely best-day-in-court damages using the records provided by Defendant, taking into account their regular rate damages as well as the amount of off-the-clock work each Plaintiff estimated to have worked. While Defendant does not agree with Plaintiffs' estimate, the parties have agreed that the proposed settlement represents a reasonable compromise of this matter given the uncertainties of litigation.

The Settlement Agreement also contains a component of attorneys' fees and costs. Plaintiffs' counsel avers that this amount is reasonable due to the number of hours expended in this litigation. To date, Plaintiffs' counsel has billed 97 hours to this matter, incurring over $21,000.00 in attorneys' fees and costs, from initial fact investigation and Complaint drafting to formal discovery and damages calculations, through settlement negotiations and finalization. In these circumstances, the payment for fees and costs is reasonable.

The settlement is the product of discussions between counsel and other negotiations between the Parties. It is not the product of fraud, but rather reflects an arms-length negotiation of a difficult dispute.

In light of the risks facing both parties in proceeding through litigation, the Parties have agreed to settle Plaintiffs' claims and this case on the following terms, including but not limited to:

1. Defendant agrees to pay a settlement amount to Plaintiffs. The settlement amount represents payment for all of Plaintiffs' claims against Defendant;

2. Defendant has denied liability or wrongdoing under the FLSA and all other applicable law;

3. Plaintiffs and Defendant agree to dismiss this action with prejudice;

4. Plaintiffs and Defendant have signed a release of claims.

The terms of the Settlement Agreement are contingent upon a finding by the Court

1  that it approves the settlement as a fair and equitable resolution of this action. *See Lynn's*
2  *Food Stores, Inc.*, 679 F.2d at 1354. Accordingly, the Parties respectfully request that the
3  Court make such a determination with respect to the terms set forth in the Settlement
4  Agreement, which is attached as Exhibit A, and enter the proposed Order, attached hereto
5  as Exhibit B, granting this motion.

6      DATED this 5th day of July, 2022.

8      SNELL & WILMER L.L.P.

10     By: *s/Samantha E. Cote*
11         John F. Lomax
        Samantha E. Cote
12         One Arizona Center
        400 E. Van Buren, Suite 1900
13         Phoenix, Arizona 85004-2202

14     *Attorneys for Defendant Avnet, Inc.*

16     SANFORD LAW FIRM, PLLC

18     By: *s/Courtney Lowery, with permission*
        Courtney Lowery
19         Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
20         Little Rock, Arkansas 72211

21     *Attorney for Plaintiffs*

4860-2443-7798