**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Determan Heikkia, et al., | No. CV-21-01531-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Avnet Incorporated, | |
| Defendant. | |

Pending before the Court is the parties' Joint Motion to Approve the Settlement Agreement and Dismiss this case with prejudice (Doc. 29). For the reasons set forth below, the Court grants the parties Motion.

**I.  Background**

On September 8, 2021, Plaintiffs filed this suit, alleging Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") by failing to pay them overtime and other wages for time worked over forty (40) hours in a workweek and for time worked "off the clock." (Doc. 29 at 2). The parties engaged in written discovery requests and briefed a motion for conditional certification. (Docs. 16; 17; 18; 19; 20; 24; 25). After agreeing that the potential class size was small, the parties engaged in good-faith settlement negotiations regarding the current two Plaintiffs and concluded this matter could be resolved without a ruling on the motion for conditional certification. (*Id.*) Thereafter, the parties reached a Settlement Agreement that resolved all claims. (*Id.*)

In the Settlement Agreement, the parties have agreed to settle Plaintiffs' claims

under the following terms: (1) Defendant agrees to pay the total sum of $30,000.00 to Plaintiffs and the settlement amount represents payment for all of Plaintiffs' claims against Defendant; (2) Defendant has denied liability or wrongdoing under the FLSA; (3) Plaintiffs and Defendant agree to dismiss this action with prejudice; (4) Plaintiffs and Defendant have signed a release of claims. (Doc. 29-1 at 3–8).

The allocation of the settlement includes one check to Ms. Heikkia in the amount of $4,000.00, one check to Ms. Lopez in the gross amount of $5,500.00, and one check to Sanford Law Firm, PLLC in the amount of $20,500.00 for payment for attorneys' fees and costs. (*Id.* at 3–4). The Settlement Agreement further states the parties agreed "no additional amounts will be paid by Defendant for attorneys' fees of Plaintiffs, court costs, or for any other expenses or costs incurred by Plaintiffs arising out of or in any way related to the action." (*Id.*)

## II. Discussion

"Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (citations omitted). In deciding whether to approve the parties' settlement, courts in the Ninth Circuit follow *Lynn's Foods*. *Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016); *Lopez v. Arizona Pub. Serv. Co.*, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010).

If a settlement reflects a "reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement of the litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The settlements must be fair and reasonable. *Id.* at 1353.

The Court has reviewed Plaintiffs' Motion for Settlement Approval and the attached exhibits, including the Settlement Agreement itself. (Docs. 29; 29-1). The Court finds its terms reflect a "fair and reasonable resolution of a bona fide dispute" over FLSA overtime

provisions. *See Lynn's*, 679 F.2d at 1355. The Court also finds that the Settlement Amount is fair and equitable given the parties' agreement that the proposed settlement represents a reasonable compromise of the damages. (Doc. 29 at 4). The Court finds the costs and uncertainties of further litigation support the Settlement Amount. Moreover, the proposed distribution to each Plaintiff is fair and equitable because the distribution reflects each Plaintiffs' length of employment with Defendant and the number of hours each Plaintiff worked for Defendant. (Doc. 1 at ¶¶ 16; 17). Last, the Court finds that the record supports an award of attorneys' fees and costs in the amount for which Plaintiff seeks approval because of the arms-length negotiation.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Settlement Approval (Doc. 29) is **granted**.

**IT IS FURTHER ORDERED** that the Settlement Agreement and Release of All Claims (Doc. 29-1) is **approved**.

**IT IS FURTHER ORDERED** that payments shall be distributed in accordance with the Settlement Agreement. (Doc. 29-1).

**IT IS FINALLY ORDERED** that this action is **dismissed with prejudice**, with each party to bear their own attorneys' fees and costs, except as set forth in the Settlement Agreement. (Doc. 29-1).

Dated this 26th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

[1] The Court notes the parties stipulated to $21,000.00 in attorneys' fees and costs in the Motion (Doc. 29 at 4), but the Settlement Agreement lists 20,500.00 for attorneys' fees and costs (Doc. 29-1 at 4).